## Mothers' Assistance Fund.

*Marriage — Legality — Marriage of uncle and niece — Acts of March 13, 1815, and July 10, 1919, P. L. 893.*

1. A marriage of an uncle and niece, although valid in the state where it was celebrated, is repugnant to the laws of Pennsylvania, and is invalid in this State. Where, however, the husband is dead, the unlawfulness of such marriage cannot, under the Act of March 13, 1815, 6 Sm. Laws,. 286, be inquired into.

2. A widow is eligible for assistance from the Mothers' Assistance Fund, although her husband, to whom she was married in another state, was her uncle.

Attorney's-General Department. Opinion to Miss Mary F. Bogue, State Supervisor, Mothers' Assistance Fund.

COLLINS, Dep. Att'y-Gen., Dec. 12, 1921.—This department is in receipt of your communication of the 28th ult. relative to the eligibility of a certain mother mentioned in your communication for relief under the Mothers' Assistance Fund Law. It appears that in 1907 she and her uncle were married in another state, that he has recently died, and that she is the mother of five children and in needy circumstances. The precise question submitted by you for the opinion of this department is: "Was her marriage to her uncle valid?"

This question arises under section 6 of the Act of July 10, 1919, P. L. 893, known as the Mothers' Assistance Fund Law, which limits the assistance provided for thereunder to "poor and dependent mothers of proved character and ability, who have children under the age of sixteen years, and whose husbands are dead or permanently confined in institutions for the insane."

A marriage of uncle and niece is unlawful in this Commonwealth, and by section 39 of the Penal Code of 1860 is made a crime and declared void. It is needless to inquire whether the marriage in such a case as this was lawful in the state or country where contracted, for the reason that, while the general rule is that a marriage valid in the place where celebrated is valid in any state or country where the parties may subsequently reside, an exception prevails to this general rule in the case of marriages so repugnant to the laws of the domicile as that of uncle and niece: 26 Cyclopedia of Law, 829-30.

In United States v. The International Navigation Co., 10 Dist. R. 480, Judge McPherson, in the United States District Court, in holding that, although a

1 D. & C.

marriage between uncle and niece was lawful in the country where it was contracted (in that case Russia), it was, nevertheless, invalid in Pennsylvania, said in the course of his opinion: "Where the ceremony took place, it has been satisfactorily proved that a marriage between uncle and niece is lawful; and being valid there, the general rule undoubtedly is that such a marriage would be regarded everywhere as valid. But there is this exception, at least, to the rule; if the relation thus entered into elsewhere, although lawful in the foreign country, is stigmatized as incestuous by the law of Pennsylvania, no rule of comity requires a court sitting in this State to recognize the foreign marriage as valid."

The case here under consideration, however, is not one as there, where both parties to the marriage were living, but where one of them is dead. Section 5 of the Act of March 13, 1815, 6 Sm. Laws, 286, provides: "That all marriages within the degrees of consanguinity, or affinity, according to the table established by law, are hereby declared void to all intents and purposes; . . . but when any of the said marriages shall not have been dissolved during the lifetime of the parties, the unlawfulness of the same shall not be inquired into after the death of either the husband or wife."

In Parker's Appeal, 44 Pa. 309, it was held that under that act, where there had been a marriage of an uncle and niece, "all inquiry into its unlawfulness was closed" upon his death, and that she was entitled to letters of administration as his widow.

To the same effect is the case of Walter's Appeal, 70 Pa. 392, in which it was decided that the validity of a marriage between a man and his son's widow could not be questioned after his death in the distribution of his estate.

The rule laid down in the last two cited cases is applicable here. It follows that in determining whether the said mother is eligible for assistance under the Mothers' Assistance Fund Law, the validity of her said marriage cannot be questioned.　　　　　　　　　　　　From Guy H. Davies, Harrisburg, Pa.